**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**TIM LEATHERBY** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:21CV122-NBB-RP**

**YALABUSHA COUNTY** **DEFENDANT**

**REPORT AND RECOMMENDATION**

Presently before the court is the plaintiff Tim Leatherby's motion to proceed *in forma pauperis*. Docket 2. Having reviewed the motion as well as the document docketed as the plaintiff's Complaint (Docket 1), the undersigned concludes that aside from the issue of the plaintiff's ability to pay the filing fee, his action fails to assert any claim on which relief may be granted or over which this court has subject-matter jurisdiction. As such the undersigned recommends that the action be dismissed and that the application to proceed *in forma pauperis* be denied as moot.

In order to proceed *in forma pauperis* in federal court, in addition to meeting the financial prerequisites, a plaintiff must establish that he has not raised a frivolous or malicious claim or a claim that fails to state a claim on which relief may be granted. The applicable standard is found in 28 U.S.C. § 1915(e)(2), which applies equally to prisoner and nonprisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission,* 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or

(B) the action or appeal –
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Further, before the court can reach the merits of any case before it, the court must be assured that jurisdiction exists. "Federal Courts are courts of limited jurisdiction, without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case. It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254. "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Pershing, L.L.C. v. Kiebach,* 2016 WL 1375874, at *1 (5th Cir. Apr. 6, 2016). "The mere mention of a federal statute or regulation is not sufficient to confer federal question jurisdiction." *Copeland v. Michaels Corp.*, 2016 WL 2978621, *2 (N.D. Miss. May 20, 2016).

It appears from the Complaint that the plaintiff has a dispute with his neighbor, and he is unhappy with the manner in which Justice Court Judge Janet Caulder has handled the matter. The undersigned notes that this is the second Complaint filed by Plaintiff concerning his dispute with his neighbor. The first case, 3:21cv18-MPM-RP was dismissed on March 8, 2021 due to lack of subject matter jurisdiction. Plaintiff's current Complaint identifies "Yalabusha County" as the defendant, but the Exhibits attached allege claims against individuals. Attached to

Plaintiff's Complaint are five (5) exhibits that contain allegations against Judge Janet Caulder, the Beard Family including Margaret Beard, Raymond Campbell, and Eddi Simmons.

Specifically, as to Judge Caulder, Plaintiff alleges that she broke the law and denied him a fair trial by favoring William Beard. Docket 1, p. 6. As a judicial officer, defendant Justice Court Judge Janet Caulder is cloaked with absolute judicial immunity and this case against her should be dismissed. Under the doctrine of judicial immunity, judicial officers are absolutely immune from civil liability for acts performed in the exercise of their judicial function. *Mireles w. Waco*, 502 U.S. 9, 10 (1991). Indeed, "[j]udicial immunity is an *immunity from suit* and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (emphasis added). Judicial immunity may be pierced in two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Bowling v. Roach*, No. 19-41003, 2020 WL 2838622, at *3 (5th Cir. May 29, 2020), *quoting Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Four factors determine whether a judicial officer's actions are judicial in nature: (1) whether the acts are a normal judicial function; (2) whether the acts occurred in a courtroom or other judicial space; (3) whether the complained-of acts relate to a case pending before the judicial officer; and (4) whether the acts relate directly to an appearance before the judicial officer in his official capacity. *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Section 1983 also provides absolute judicial immunity to judicial officers against claims for injunctive relief:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory

decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

Our sister court in the Southern District has come to the same conclusion, holding, "judicial Defendants are absolutely immune from suit for monetary damages as well as equitable relief." *Edmonson v. Lee*, No. 3:08CV149-LTS, 2008 WL 2080912, at *3 (S.D. Miss. May 9, 2008). This court also recognizes absolute judicial immunity for all types of suits, whether grounded in law or equity.

In this case, Justice Court Judge Janet Caulder is clearly entitled to judicial immunity. First, the conduct complained of falls within the normal judicial function of a justice court judge. Second, from the vague allegations, Judge Caulder's conduct appears to have all taken place either in the courtroom or another judicial space. Third, the actions plaintiff complains of all relate to a case pending before Judge Caulder and last, the conduct relates directly to Plaintiff's appearance before Judge Caulder in her official capacity.

Because it is clear that Judge Caulder is entitled to judicial immunity, and because the plaintiff has failed to establish this court's subject matter jurisdiction, the undersigned recommends that his Complaint as to Judge Caulder be DISMISSED for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction, and that his application to proceed *in forma pauperis* be DENIED as moot.

As to the individuals named, Margaret Beard, Raymond Campbell and Eddie Simmons, Plaintiff has similarly failed to establish this court's subject matter jurisdiction. Plaintiff's Compliant asserts that all parties reside in Yalobusha County, Mississippi, so diversity jurisdiction may not be the basis for jurisdiction. Additionally, Plaintiff does not allege any

violation of a federal statute that would confer jurisdiction in the United States District Court for the Northern District of Mississippi.

Because Plaintiff has failed to establish jurisdiction in this court, the undersigned recommends that his Complaint be DISMISSED for lack of subject matter jurisdiction and that his application to proceed *in forma pauperis* be DENIED as moot. Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L. U. Civ. R. 72(a)(3) for the appropriate procedure in the event he desires to file an objection to these findings and recommendations. Objections are required to be (1) specific, (2) in writing, and (3) filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accept by the district court. . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

This, the 15th day of June, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE